UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON STEPHENSON *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CHASE HOME FINANCE LLC *et al.*, <br><br> Defendants. | Civil No. 10cv2639-L(WMc) <br><br> **ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |

In this mortgage foreclosure action Defendants Chase Home Finance LLC ("Chase") and JP Morgan Chase Bank, N.A. ("JP Morgan") filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed an opposition. For the reasons which follow, the motion is **DENIED.**

According to the complaint, Plaintiffs are former co-owners of property located at 10963 Avenida Roberta in Spring Valley, California ("Property"). On or about January 23, 2009 they refinanced the Property with Chase. The loan was secured by a deed of trust on the Property. At the time of entering into the transaction, each Plaintiff had a right to receive a Notice of Right to Cancel. They claim that Plaintiff Don Stephenson's notice was defective and that Plaintiff Staci Stephenson did not receive a notice at all.

After the transaction was consummated, Chase acquired the servicing rights to Plaintiffs' debt obligation. Plaintiffs made tens of thousands of dollars in timely payments to Chase, but

eventually fell behind.  On October 8, 2009 they sent a Qualified Written Request ("QWR") to Chase seeking to identify the current owner of their promissory note, identify the master servicer of the debt and obtain other information.  They received a response from Chase on January 6, 2010; however, Chase did not provide all the requested information.

Plaintiffs claim that because they did not have the necessary information, they were not able to seek modification of their loan and were forced to file for bankruptcy pursuant to Chapter 13 of the Bankruptcy Code.  In addition, they contend that Defendants collected thousands of dollars in fees and interest charges from Plaintiffs which were not due and payable.

On December 21, 2010 Plaintiffs filed a complaint alleging that Defendants violated the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), 15 U.S.C. § 1635(a) by failing to provide the requisite notices of rescission and 15 U.S.C. § 1641(f)(2) by failing to properly respond to their request for information contained in the October 8, 2009 letter.  Plaintiffs also alleged that Defendants violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq*. ("RESPA"), 12 U.S.C. § 2605(e)(2)(C) by failing to properly respond their October 8, 2009 letter, which constituted a QWR under RESPA.  Last, Plaintiffs alleged that Defendants engaged in unlawful and unfair business practices pursuant to the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. ("UCL"), by maintaining a business practice of not responding to borrower inquiries and concealing information from them.  Plaintiffs seek damages and an order requiring Chase to identify the owner and holder of the promissory note.

Defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted.  A Rule 12(b)(6) motion tests the sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted).  In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must

construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

Defendants argue that the first cause of action for violation of 15 U.S.C. § 1641(f)(2) should be dismissed because Plaintiffs did not allege a violation, the claim is time-barred and Plaintiffs did not allege actual damages. With respect to the third cause of action for violation of 12 U.S.C. Section 2605(e)(2)(C), they similarly argue that it should be dismissed because Plaintiffs failed to allege a violation and actual damages.[1] The court disagrees.

In pertinent part, Plaintiffs alleged that on October 8, 2009 they sent a letter to Chase requesting a copy of the note "showing all endorsements that have occurred, together with any allonge that exists on that Note" (Compl. at 3), and the names of the current owner of the note and the master servicer of the loan. They received a response from Chase on January 6, 2010, with included a copy of the note identifying the lender, but not including any endorsements or allonges, and a statement that Chase was the servicer. The response did not include an affirmative statement identifying the current owner of the note or the master servicer[2] of the loan, as requested in the letter, and did not state that the requested information was unavailable or could not be obtained by Chase. (*Cf.* Compl. Exh. B (Oct. 8, 2009 letter) *with* Exh. C (Jan. 6, 2010 response).) Defendants argue that providing Plaintiffs with a copy of an unmarked note

---

[1] For the first time in the reply brief, Defendants argue that they did not have a duty under RESPA to respond to Plaintiffs' inquiry. (Reply at 3 n.2.) This issue was not briefed in Defendants' moving papers and Plaintiffs therefore did not have an opportunity to respond. Parties should not raise new issues for the first time in their reply briefs. *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir, 1990). This issue therefore will not be addressed at this time.

[2] There can be multiple servicers on the same loan. A master servicer "may actually perform the servicing itself or may do so through a subservicer." 24 C.F.R. § 3500.21(a).

and a statement that Chase was the servicer more than complied with TILA and RESPA.

TILA provides that, "[u]pon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation." 15 U.S.C. § 1641(f)(2). TILA's provisions are construed "liberally in favor of the consumer and require absolute compliance by creditors." *Hauk v. JP Morgan Chase Bank USA*, 552 F.3d 1114, 1118 (9th Cir. 2009) (internal quotation marks and citations omitted). "Even technical or minor violations of the TILA impose liability on the creditor." *Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir. 1989).

RESPA is more specific in its requirements for responding to borrower inquiries than TILA. Section 2605(e)(2)(C) provides in pertinent part:

> (2) Action with respect to inquiry
>
> Not later than 60 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request under paragraph (1) and, if applicable, before taking any action with respect to the inquiry of the borrower, the servicer shall–
> . . . [¶]
>
> (C) after conducting an investigation, provide the borrower with a written explanation or clarification that includes--
>
> (I) information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and
>
> (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.

Plaintiffs sufficiently alleged that Chase's response did not comply with TILA or RESPA because it was inherently ambiguous. Although Defendants are correct that the response could be interpreted that the note has never been transferred and therefore had no endorsements, the lender continued to be the current owner of the note and that the Chase was the only servicer on the loan, Plaintiffs' interpretation of the response as simply incomplete is reasonable. Because the response was authored by Chase, Chase could have avoided the ambiguity by providing an unambiguous response. Chase's argument that while RESPA requires an explanation if the information is unavailable or cannot be obtained by the servicer, it requires no explanation if the information does not exist, boggles the mind. Surely, information or a document which does not

exist is unavailable and cannot be obtained.

Furthermore, Defendants' argument that the fist cause of action for violation of 15 U.S.C. Section 1641(f)(2) should be dismissed as time barred, is rejected. "A motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove the statute was tolled.'" *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206-07 (9th Cir. 1995), quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). The untimeliness must appear beyond doubt on the face of the complaint before a claim will be dismissed as time-barred. *See Supermail Cargo*, 68 F.3d at 1206-07.

The parties agree that 15 U.S.C. Section 1640(e) contains the applicable statute of limitations. It provides in pertinent part that an action must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). A statute of limitations accrues "when the plaintiff has a complete and present cause of action." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (internal quotation marks and citation omitted). Plaintiffs' cause of action that Defendants violated section 1641(f)(2) accrued at the earliest when they received Chase's inadequate response dated January 6, 2010. This action was filed in December 21, 2010. Because the expiration of the statute of limitations does not appear on the face of the complaint, Defendants' argument is rejected.

Defendants also argue that the first and third causes of action should be dismissed because Plaintiffs failed to allege actual damages. Plaintiffs seek, among other things, actual and statutory damages.

With respect to the first cause of action, in addition to actual damages, Plaintiffs are entitled to statutory damages pursuant to 15 U.S.C. Section 1640(a)(2)(A)(iv). Accordingly, failure to inadequately allege actual damages is an insufficient ground for dismissal.

With respect to the third cause of action, in addition to actual damages, Plaintiffs are entitled to statutory damages "in the case of a pattern or practice of noncompliance." 12 U.S.C. § 2605(f)(1)(B). Plaintiffs alleged that Chase "maintains a business practice of failing to respond to homeowner inquiries and actively conceals information from them, including the

information [it] is required to produce under federal law." (Compl. at 5; *see also id.* at 8 & 9.)

Defendants argue that this allegation is insufficient to allege statutory damages for purposes a Rule 12(b)(6) motion. In this regard, the pleading standard of Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). The requisite "showing" is not just "a blanket assertion[] of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3. Factual allegations in the complaint must provide fair notice of the nature of the claim and grounds on which the claim rests. *Id.* As long as the complaint meets this standard, it need not include the facts necessary to carry the plaintiff's burden, *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), or detailed factual allegations, *Twombly*, 550 U.S. at 555. The allegation that Plaintiffs intend to seek statutory damages based on Defendants' business practice of failing to respond to borrower inquiries is sufficient to put Defendants on notice.

In the alternative, Plaintiffs alleged that they suffered actual damage from Defendants' misconduct. They alleged that because of Defendants' incomplete response, they did not have the information necessary to seek loan modification "to enable them to remain in their home." (Compl. at 5; *see also id.* at 8.) They asserted that with the necessary information, they "would have been able to negotiate with the lawful owner to pursue modification of the terms of their mortgage loan." (*Id.* at 8.) Instead, they had to file for bankruptcy protection "to stop the foreclosure sale of their home." (*Id.*) In addition, although Plaintiffs did not explicitly allege in the complaint that their actual damage included the legal costs and fees associated with their efforts to avoid foreclosure, this can easily be inferred from the allegations in the complaint and Plaintiffs' exhibits, which show that they had retained counsel to seek the information they needed for loan modification negotiations (Compl. Exh. B) and, after receiving an unhelpful response, to represent them in Bankruptcy Court (Pls' Req. for Jud. Notice Exh. 1-5).

Next, Defendants also moved to dismiss the second cause of action for violation of 15 U.S.C. 1635(a), which provides for the creditor's duty to disclose the obligor's right to rescind. They argue that the claim was untimely filed and that Plaintiffs failed to allege actual damages.

The parties agree that the applicable statute of limitations is 15 U.S.C. Section 1640(e).

For section 1635 violations, the statute "runs from the date of consummation of the transaction." *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). It is undisputed that the transaction was consummated on or about January 23, 2009 and that this action was not filed until more than a year later. (Opp'n at 7.) Plaintiffs argue that the statute of limitations was tolled due to their intervening bankruptcy.

Although the fact of the bankruptcy is alleged in the complaint (Compl. at 8), the tolling argument is not. Defendants contend that the court should disregard the argument because the particulars about the bankruptcy filing, which are included in Plaintiffs' opposition and request for judicial notice, are not alleged in the compliant. Generally, a court may not consider material beyond the complaint in ruling on a Rule 12(b)(6) motion. *Intri-Plex Tech., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007); *see also* Fed. R. Civ. Proc. 12(d). "However, a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute." *Id.* (internal quotation marks and citations omitted). This includes filings on other court cases. *MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Because Plaintiffs base their argument entirely on the file in the bankruptcy case (Pls' Req. for Jud. Notice Exh. 1-5), which Defendants do not dispute, the documents and the tolling argument will be considered.

On January 10, 2010 Plaintiffs filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code. On April 29, 2010 the case was converted to a Chapter 7 bankruptcy. On June 24, 2010 Chase's motion for relief from stay was granted. Plaintiffs obtained a discharge by order filed November 8, 2010, and the case was closed on November 22, 2010. This action was filed on December 21, 2010.

Plaintiffs argue that 11 U.S.C. Section 108(a) tolls the TILA statute of limitations. Defendants did not substantively respond to this argument. Accordingly, in this regard, the argument is rejected as unopposed. *See* Civ. Loc. R. 7.1(f)(3)(b) & (c). In the alternative, it is rejected based on 11 U.S.C. Section 108(a), which provides in pertinent part:

> If applicable nonbankruptcy law . . . fixes a period within which the debtor may

>commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of–
>
>(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
>(2) two years after the order for relief.

Although the statute speaks in terms of giving the trustee the extension of time, it may have equal force and effect when utilized by the debtor. *In re Santa Fe Developing & Mortg. Corp.*, 16 B.R. 165, 167 n.1 (1981 9th Cir. B.A.P.). Specifically, 11 U.S.C. Section 103 makes section 108 applicable to Chapter 13 bankruptcies. A Chapter 13 debtor has the trustee's capacity to sue on behalf of the estate. *See* 11 U.S.C. §§ 1303 & 363. Accordingly, the tolling statute applied to extend the TILA statute of limitations for "two years after the order for relief." *See In re McConnell*, 390 B.R. 170, 179-80 (Bkrtcy. W.D.Pa. 2008); *see also In re Santa Fe*, 16 B.R. at 167 & n.1.

Plaintiffs filed their voluntary Chapter 13 petition on January 10, 2010 and an "order for relief" issued at the same time. *See* Cal. Practice Guide, Bankruptcy ¶ 2:512. Because the Chapter 13 petition was filed before the expiration of TILA's the one-year statute of limitation, and the complaint in this action was filed before the expiration of section 108(a) tolling, the complaint was timely filed.

Next, Defendants argue that the second cause of action for violation of 15 U.S.C. Section 1635 should be dismissed because Plaintiffs failed to allege actual damages. Because the damages provisions of 15 U.S.C. Section 1640(a) apply with the same force to violations of 15 U.S.C. Section 1635 as section 1641(f), this argument is rejected for the same reasons it is rejected with respect to the first cause of action for a section 1641(f)(2) violation.

Last, Defendants argue that the fourth cause of action for violation of the Unfair Competition Law should be dismissed for failure to adequately plead a violation. The Unfair Competition Law prohibits unlawful, unfair or fraudulent business acts or practices. Cal. Bus. & Prof. Code § 17200. "[I]t establishes three varieties of unfair competition - acts or practices which are unlawful, or unfair, or fraudulent." *Cal-Tech. Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999). The complaint alleges the UCL claim under the unlawful

and unfair prongs. (Compl. at 9.)

"An unlawful business practice under section 17200 is an act or practice, committed pursuant to a business activity, that is at the same time *forbidden by law*." *Progressive W. Ins. Co. v. Yolo County Super. Ct. (Preciado)*, 135 Cal. App. 4th 263, 287 (2006) (emphasis in original). Plaintiffs allege that Defendants' practices or acts were "unlawful" because they violated TILA and RESPA as alleged in the first two causes of action. (Compl. at 9.) Defendants argue that the UCL claim should be dismissed for the same reasons the first two causes of action should be dismissed. As discussed above, Plaintiffs sufficiently alleged the first two causes of action. Accordingly, Defendants' argument to dismiss the UCL claim is rejected.

To the extent Defendants also rely on the pleading requirements under California law for their challenge to the UCL claim, their argument is also rejected. While California substantive law applies to this state law claim, procedure is governed by federal law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Where an issue is directly covered by the Federal Rules of Civil Procedure, federal law controls. "The Federal Rules of Civil Procedure apply irrespective of the source of subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003), citing *Hanna v. Plumer*, 380 U.S. 460 (1965). It is immaterial that the claim sued upon arises under state law and a different result would have been reached in a state court action. *Vess*, 317 F.3d at 1102; *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (federal pleading standards apply to UCL claims). Manner of pleading and dismissal for failure to state a claim are directly covered by Rules 8 and 12(b)(6). Because Plaintiffs sufficiently alleged their first two causes of action under the federal pleading standard, the fourth cause of action, which is derivative of the first two, is also sufficiently pled.

Based on the foregoing, Defendants' motion to dismiss is **DENIED**.

**IT IS SO ORDERED**.

DATED: May 23, 2011

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM McCURINE, Jr.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL